IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL R. DUNCAN ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05 C 1193 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| OFFICER FAPSO ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Darryl R. Duncan ("Duncan") sues Officer Bernard Fapso of the North Chicago Police Department ("Fapso") under 42 U.S.C. § 1983 for violation of his Fourth Amendment right to be free from unreasonable searches and seizures. Fapso moves for summary judgment under Fed. R. Civ. P. 56. For the reasons set forth below, the motion is granted.

### BACKGROUND

**I.   Local Rule 56.1**

Local Rule 56.1 requires a party moving for summary judgment to submit a statement of material facts numbered by paragraph "as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law". Local Rule 56.1(a)(3). The opposing party is required to respond to each of the movant's numbered statements of material fact and submit its own statement of additional facts which demonstrate that the motion should be denied. Any facts asserted by the moving party and not controverted by the opposing party are deemed admitted. Local Rule 56.1(b)(3).

As a *pro se* plaintiff, Duncan was given the required notice under Rule 56.1. Nevertheless, he failed to respond to Fapso's statement of material facts. Dkt. # 59. Duncan was previously warned that failure to comply with applicable rules could result in sanctions or even dismissal of his case. Dkt. # 64. Fapso's facts are deemed admitted for the purposes of this motion.

## II. Admitted Facts

On October 2, 2004, Fapso observed a man later identified as Duncan on private railroad tracks in an area of North Chicago known for drug trafficking and prostitution. Def. Facts ¶ 10. While Fapso observed him, Duncan turned around and gestured to someone. *Id.* ¶ 4. Duncan proceeded toward Commonwealth Avenue where Fapso parked his patrol car to observe Duncan's activities. *Id.* ¶ 12. As Duncan approached, Fapso asked him his name and what he was doing. *Id.* ¶¶ 12-13. Duncan identified himself and said he was going to the liquor store. *Id.* ¶ 13-14. Then Fapso asked Duncan who he was gesturing to and Duncan replied, "No one." *Id.* ¶ 14. Fapso asked Duncan to place his hands on the back of his patrol car so Fapso could conduct a pat down for weapons. Duncan said he had a screwdriver, removed it from his pocket and placed it on the trunk of the car. *Id.* ¶ 16. When Fapso proceeded to pat Duncan down for weapons, he felt what he knew to be a crack pipe in Duncan's pocket; he seized the pipe. *Id.* ¶ 17. Fapso told Duncan he was under arrest for possession of drug paraphernalia. Duncan grabbed the screwdriver and ran from Fapso, only to be apprehended approximately a block away by another North Chicago Police officer. *Id.* ¶¶ 18-20.

Once apprehended, Duncan admitted to engaging in oral sex with a known prostitute. *Id.* ¶¶ 21-22. Fapso found less than one gram of cocaine in Duncan's wallet during booking. *Id.* ¶

2

25. The next day, Duncan was arraigned on charges of possession of a controlled substance, possession of drug paraphernalia, resisting a peace officer, patronizing a prostitute, and criminal trespass. Bond was set at $20,000. Duncan posted bail and was released. *Id.* ¶¶ 26, 28-29.

Six days later, on October 9, 2004, Duncan was arrested on unrelated charges by a different North Chicago police officer. *Id.* ¶¶ 30-31. Bond was set at $75,000, applicable to both sets of criminal charges. Duncan did not post bail. *Id.* ¶ 32.

On February 7, 2005, the Circuit Court of Lake County, Illinois held a hearing on Duncan's motion to suppress the evidence seized on October 2, 2004. *Id.* ¶ 35. The court granted the motion to suppress both the crack pipe and the cocaine. *Id.* ¶ 36. The state's attorney's office elected not to prosecute the October 2, 2004 charges against Duncan. *Id.* ¶ 37. However, Duncan remained incarcerated on the October 9, 2004 charges. He was eventually convicted. *Id.* ¶¶ 39-40. He is currently serving a nine year sentence in the Illinois Department of Corrections. *Id.* ¶ 41.

## DISCUSSION

### I. Legal Standard

Summary judgment is warranted if the moving party demonstrates there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets this burden, the nonmoving party must proffer evidence of specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when the evidence could support a verdict by a reasonable jury for the nonmoving party. *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

The court considers the record as a whole and draws all reasonable inferences in favor of the nonmoving party. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). Fapso moves for summary judgment on Duncan's claims of unreasonable stop, unreasonable frisk, unreasonable search, false arrest and false imprisonment. The Court also addresses Duncan's excessive bail claim, although it was not briefed by Fapso.

## II. Unreasonable Stop

Duncan asserts a claim for unreasonable stop. Under *Terry*, a police officer may temporarily detain and question an individual if the officer has specific, articulable facts that give rise to a reasonable suspicion to believe the individual has committed or is committing a crime. *Terry v. Ohio*, 392 U.S. 1, 20-21 (1968); *United States v. Scheets*, 188 F.3d 829, 837 (7th Cir. 1999). Fapso observed Duncan behaving suspiciously and trespassing on private property in a high crime area. Def. Facts ¶¶ 4-5, 10. These articulable facts provide a particularized and objective basis for stopping Duncan for investigative purposes. *Scheets*, 188 F.3d at 837. Thus, the stop does not constitute a constitutional violation. Because Duncan has admitted these facts, Fapso is entitled to summary judgment on Duncan's unreasonable stop claim.

## III. Unreasonable Frisk

Duncan claims he was subject to an unreasonable frisk. Under *Terry*, an officer may conduct a pat down search for weapons if he can point to articulable facts that lead him to believe that the individual could be armed or present a threat to the officer or to others. *Terry*, 392 U.S. at 25-26; *United States v. Hernandez-Rivas*, 348 F.3d 595, 599 (7th Cir. 2003). Fapso asked Duncan to place his hands on the back of his patrol car in order to frisk him for weapons because he was concerned for his own safety. Duncan then told Fapso that he had a screwdriver, which

4

Duncan removed from his pocket and placed on the trunk of Fapso's car. Def. Facts ¶ 16. Fapso argues that Duncan's presence in a high crime area, his evasive and implausible answers to Fapso's questions, his suspicious gestures, and his production of the screwdriver gave him an articulable basis to pat down Duncan for weapons. The court agrees. Once Duncan produced one potentially dangerous item, it was reasonable for Fapso to suspect that Duncan could pose a threat to others. Fapso's motion for summary judgment on Duncan's claim of an unreasonable frisk is meritorious.

**IV.    Unreasonable Search**

Duncan claims that Fapso illegally searched his pocket when frisking him for weapons. An officer may seize nonthreatening contraband detected during a *Terry* pat down for weapons if the contraband's incriminating nature is immediately apparent by its plain touch and feel. *Minnesota v. Dickerson*, 508 U.S. 366, 374 (1993); *United States v. Rivers*, 121 F.3d 1043, 1046 (7th Cir. 1997). Fapso conducted a frisk of Duncan for weapons and felt what he knew to be a crack pipe in Duncan's front left pocket by its plain touch and feel. Def. Facts ¶ 17. Duncan has admitted this fact by failing to controvert it as required by Rule 56.1. Because Fapso knew that the object he felt in Duncan's pocket was contraband, his search of Duncan's pocket was reasonable.

**V.    False Arrest**

Duncan claims that Fapso violated his Fourth Amendment rights by falsely arresting him. The existence of probable cause is an absolute bar to a § 1983 claim for unlawful arrest. *Fernandez v. Perez*, 937 F. 2d 368, 370 (7th Cir. 1991). "At the time of the arrest, police officers need probable cause that *a* crime has been committed, not that the criminal defendant committed

5

all the crimes for which he or she is later charged" in order to bar a § 1983 action. *Calisinski v. Kruger*, 24 F.3d 931, 935 (7th Cir. 1994). Police officers have probable cause to arrest suspects when the facts and circumstances within their knowledge at the time of arrest are sufficient to warrant a prudent officer to believe that the suspect committed a crime. *Shiek-Abki v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994). The standard is a practical, nontechnical assessment of what a reasonable police officer would have done at the time of the arrest. *Id.*

While probable cause is normally a jury issue, "a conclusion that probable cause existed as a matter of law is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Id.* This conclusion is warranted here. Under Illinois law, a person commits the crime of possession of drug paraphernalia if he knowingly possesses an item of drug paraphernalia with the intent to use it in ingesting a controlled substance. 720 ILCS 600/3.5(a). As shown above, Fapso lawfully stopped and frisked Duncan, uncovering a crack pipe in Duncan's pocket. The pipe was burned at both ends, evidencing that it was likely intended to ingest cocaine. Def. Facts ¶ 17. These facts establish as a matter of law that Fapso had probable cause to arrest Duncan for possession of drug paraphernalia. Consequently, whether Fapso had probable cause to arrest Duncan for the other charged crimes is moot. Fapso is entitled to summary judgment on Duncan's false arrest claim.

## VI.  False Imprisonment

Duncan asserts a claim for false imprisonment from October 9, 2004 to February 7, 2005. However, § 1983 requires personal involvement in the alleged deprivation of rights. Fapso was not involved with Duncan's imprisonment during that time period. *See, e.g., Payne v. Churchich*, 161 F.3d 1030, 1039 (7th Cir.1998) ( "Section 1983 creates a cause of action based on

personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Fapso arrested Duncan on October 2, 2004. Duncan posted bond on the October 2nd charges and was released on October 3, 2004. He was incarcerated as a result of Fapso's arrest for less than 24 hours. Duncan does not assert a false imprisonment claim for that time period. Accordingly, Duncan's false imprisonment claim fails as a matter of law.

## VII.  Excessive Bail

Duncan arguably asserts a claim of excessive bail. Cmplt. at 4. However, his bail was set by a state court judge and not by Fapso. A police officer is not liable for the actions of a court. *See Potter v. Clark*, 497 F.2d 1206, 1208 (7th Cir. 1974) (§ 1983 excessive bail complaint against sheriff dismissed because sheriff did not set bail).

## CONCLUSION

The material facts are undisputed. Fapso has established that he is entitled to judgment as a matter of law. Accordingly, his summary judgment motion is granted.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

February 9, 2006